**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Criminal Action No. 11-cr-00412-MSK
(Civil Action No. 14-cv-00172-MSK)**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

**1. HILARIO QUINTERO-RODRIGUEZ,**
    a/k/a "The Big Guy,", a/k/a "Santa Claus"

        **Defendant.**

_____

**OPINION AND ORDER DENYING MOTION TO VACATE**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Quintero-Rodriguez's Motion to Vacate **(# 717)** pursuant to 28 U.S.C. § 2255 and the Government's response **(# 724)**; and Mr. Quintero-Rodriguez's Motion for Return of Property **(# 731)**, and the Government's response **(#33)**.

**FACTS**

Mr. Quintero-Rodriguez, among others, was indicted on October 6, 2011 **(# 1)**, and subsequently charged with a variety of drug trafficking offenses under 21 U.S.C. § 841. After extensive pretrial proceedings and on the eve of trial, Mr. Quintero-Rodriguez filed a Notice of Disposition **(# 430)** in November 2012. The Court held a change of plea hearing with Mr. Quintero-Rodriguez, beginning on March 12, 2013 **(# 488)** and completed on March 20, 2013 **(#499)**. Mr. Quintero-Rodriguez pled guilty to four counts in the Superseding Indictment – one

count of conspiracy to distribute a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(A), and 21 U.S.C. § 846; one count of aiding and abetting the distribution of a controlled substance, 21 U.S.C § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2; and two counts of distributing a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(B). In exchange for his plea, the Government agreed to recommend a sentence of 11 years, as well as other concessions; Mr. Quintero-Rodriguez waived his right to appeal his sentence except under certain conditions.

Thereafter, Mr. Quintero-Rodriguez twice moved (# 558, 601) to withdraw his plea, alleging that his counsel "grossly misled" him and "used coercion tactics to scare [him] into taking a plea." On July 24, 2013, the Court heard these motions and denied them. The Court then proceeded to sentence Mr. Quintero-Rodriguez. Although the range recommended by the Sentencing Guidelines was at least 168 to 210 months of imprisonment, the Government recommended that the Court depart downward and sentence Mr. Quintero-Rodriguez to the statutory minimum term of 10 years. The Court did so.

Mr. Quintero-Rodriguez immediately filed a *pro se* Notice of Appeal (# 615). The 10th Circuit directed Mr. Quintero-Rodriguez's trial counsel to address any colorable issues on appeal, and counsel instead filed an *Anders* brief, stating his belief that Mr. Quintero-Rodriguez had no non-frivolous grounds to raise in light of the appeal waiver contained in the plea agreement. The 10th Circuit reviewed the record and agreed, finding that Mr. Quintero-Rodriguez had knowingly and voluntarily entered into the plea (including the appeal waiver) and that the sentence imposed by the Court did not fall within the exceptions to that waiver. Thus, the 10th Circuit dismissed (# 712) Mr. Quintero-Rodriguez's appeal.

Mr. Quintero-Rodriguez then filed the instant Motion to Vacate (# 717) pursuant to 28

U.S.C. § 2255.  He raises four grounds: (i) that his trial counsel "was ineffective by failing to properly advise [him of his] constitutional rights," resulting in his guilty plea not being knowing and voluntary; (ii) that his counsel was ineffective because "there was not [a] factual basis for a guilty plea as the evidence was insufficient to sustain [a] conviction," insofar as "there is no direct or circumstantial evidence that proves [his] intent to knowingly participate in a conspiracy"; (iii) that his trial counsel rendered ineffective assistance in "not providing [him] an opportunity to allocute" at sentencing; and (iv) that his counsel rendered ineffective assistance by failing to file a timely Notice of Appeal.

Separately, Mr. Quintero-Rodriguez  filed a Motion for Return of Property **(# 731)**, seeking the return of "$50 in currency and $ 60.00 Mexican Pesos as well as personal identifications with his wallet" seized from him at the time of his arrest.  He contends that this property "is [not] proceeds gained from" the crimes for which he was convicted.  The Government responds **(# 733)** that any seizure of Mr. Quintero-Rodriguez's property at the time of his arrest was effectuated by agents of the Customs and Border Patrol at a time when Mr. Quintero-Rodriguez was attempting to enter the United States from Mexico, and that, in consultation with that agency, the Government is authorized to state that "no property of this defendant was received or seized in this District."

## ANALYSIS

### A.  Standard of review

Mr. Quintero-Rodriguez's filings are *pro se*.  Accordingly, the Court liberally construes those filings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B. Motion to vacate

The Court turns first to Mr. Quintero-Rodriguez's motion to vacate under 28 U.S.C. § 2255. Two of the grounds he raises may be summarily rejected. Mr. Quintero-Rodriguez contends that he was not given a chance to allocute at sentencing. The record flatly contradicts this assertion. After hearing from the prosecution and defense counsel the following exchange occurred:

> THE COURT: All right. Mr. Quintero-Rodriguez, now is your time to speak.
>
> THE DEFENDANT: I don't even know what to say now. Your Honor, we are all humans in this world. We all make mistakes. But please believe me that what I would have wanted the least to have happened is what happened. I want to say that in a way, I was a leader, but not in that manner. . . .
>
> [the defendant continues speaking for 5 full minutes]
>
> . . . I want to say that I apologize to the government, to the United States. I want to say that I'm sorry, and I apologize to anyone that I may have hurt for what has happened. And all of these comments now, I don't know, I'm not sure. But I have to tell you that I'm alive, and I feel more protected here. As I mentioned to you before, I leave it up to you whether you give me more or less. But I want to thank God, because even now, I'm still alive. I have no more -- nothing else to say.

Accordingly, the record does not support a contention that Mr. Quintero-Rodriguez was not allowed to allocute.

Second, the Court summarily rejects Mr. Quintero-Rodriguez's contention that his trial counsel provided ineffective assistance by failing to file a Notice of Appeal. The record reflects that Mr. Quintero-Rodriguez filed a *pro se* Notice of Appeal before the judgment against him was formally entered. The 10th Circuit nevertheless treated that Notice of Appeal as sufficient

4

and proceeded to entertain Mr. Quintero-Rodriguez's appeal, even appointing Mr. Quintero-Rodriguez counsel to present any colorable arguments. Thus, even assuming – without necessarily finding – that Mr. Quintero-Rodriguez's counsel refused to file a (second) Notice of Appeal at Mr. Quintero-Rodriguez's request, Mr. Quintero-Rodriguez received full consideration of his *pro se* Notice of Appeal and thus, any error by trial counsel was harmless.

Mr. Quintero-Rodriguez's next contention is that his plea was not knowing or voluntary because his counsel failed to advise him of his "*Boykin* rights." *Citing Boykin v. Alabama*, 395 U.S. 238 (1969). *Boykin* stands for the proposition that the trial court, when taking a defendant's plea of guilt, must "make sure [the defendant] has a full understanding of what the plea connotes and of its consequence," including the relinquishment of constitutional rights of trial by jury, the right to confront witnesses, and the right to remain silent. 395 U.S. at 243-44. Whether or not Mr. Quintero-Rodriguez's trial counsel addressed these issues with Mr. Quintero-Rodriguez prior to the plea, the record here reflects that the Court extensively discussed each of these rights (and others) with Mr. Quintero-Rodriguez during the change of plea hearing, describing at length the constitutional rights Mr. Quintero-Rodriguez was surrendering and obtaining his affirmative representation that he understood and wished to waive those rights. Indeed, in its order dismissing Mr. Quintero-Rodriguez's appeal, the 10th Circuit recognized that "there was an adequate Rule 11 colloquy" here and that "the district court confirmed . . . that he knew the rights that he was waiving." *Docket* # 712 at 4. Accordingly, Mr. Quintero-Rodriguez has failed to show that any alleged failure by his counsel to advise him of his constitutional rights prior to the change of plea hearing was harmless, insofar as the Court fully advised him of those rights and ensured that his plea of guilty was knowing and voluntary.

Finally, Mr. Quintero-Rodriguez argues that the Court should vacate his plea because "the evidence was insufficient to sustain [a] conviction" on the conspiracy charge. The Court has some doubt that this argument is properly raised by a motion to vacate; it would appear that it was incumbent upon Mr. Quintero-Rodriguez to raise that argument on direct appeal. *U.S. v. Geiner*, 443 Fed.Appx. 378, 381 (10th Cir. 2011). Even assuming, however, that the issue is properly cognizable here based on Mr. Quintero-Rodriguez's allegations that his trial counsel was ineffective in addressing it, *id.*, the factual recitation in the plea agreement – which Mr. Quintero-Rodriguez admitted – sufficiently demonstrates his intent to participate in a drug trafficking conspiracy. That factual recitation stated:

> On June 10, 2010, a cooperating source, hereinafter referred to as CS, negotiated the purchase of three ounces of methamphetamine . . . with co-Defendant Guadalupe Ruiz. However, Ruiz was unable to produce this quantity of methamphetamine, so he told CS that the "big guy" – subsequently identified as [Mr. Quintero-Rodriguez], would sell CS the drugs.
>
> When [Mr. Quintero-Rodriguez] showed up to conduct the sale, co-Defendant Luis Martinez was accompanying him, and, at [Mr. Quintero-Rodriguez's] direction, Martinez personally delivered the drugs to [Mr. Quintero-Rodriguez].

These facts, which Mr. Quintero-Rodriguez admitted were true, adequately establish that he knowingly entered into an agreement with Mr. Ruiz and Mr. Martinez to possess methamphetamine (a controlled substance) with the intent to distribute it to "CS." Thus, the record sufficiently establishes Mr. Quintero-Rodriguez's guilt of the crime of conspiracy.

Accordingly, Mr. Quintero-Rodriguez's Motion to Vacate is denied in its entirety.

### C. Motion for Return of Property

The Court then turns to Mr. Quintero-Rodriguez's motion for return of property. Fed. R.

Crim. P. 41(g) provides that "a person aggrieved by . . . the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized."

The Government has responded – somewhat indirectly – that Mr. Quintero-Rodriguez was arrested somewhere <u>outside</u> of Colorado (apparently in a state bordering Mexico), and thus, the seizure of his property incident to that arrest also occurred outside this district. Mr. Quintero-Rodriguez did not file a response contesting the location of his arrest and the seizure of his property, and thus, in the absence of a more complete record, the Court concludes that Mr. Quintero-Rodriguez has not shown that the seizure of his money, wallet, and identification at the time of his arrest occurred in the District of Colorado. Accordingly, under Rule 41(g), his motion for return of property is not properly filed here, and must instead be filed in the state where he was arrested and the property seized. Thus, his motion is denied without prejudice.

## **CONCLUSION**

For the foregoing reasons, Mr. Quintero-Rodriguez's Motion to Vacate **(# 717)** and Motion for Return of Property **(# 731)** are **DENIED**. To the extent that Mr. Quintero-Rodriguez seeks a Certificate of Appealability with regard to his Motion to Vacate under 28 U.S.C. § 2253(c)(1)(B), the Court has *sua sponte* considered the relevant standards and finds that Mr.

Quintero-Rodriguez has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court **DENIES** a Certificate of Appealability.

Dated this 16th day of April, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge